PHILIP ALLEN *vs.* NATIONAL BANK OF COMMERCE & TRUST CO. OF PROVIDENCE, *Admr. d.b.n.c.t.a.*

APRIL 18, 1941.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a suit in equity against the respondent as administrator *d.b.n.c.t.a.* of the estate of Crawford Allen, who died on April 22, 1872. It was brought on July 1, 1939, to compel payment of a claim for $100,000 and accrued interest, which was filed by the complainant against this estate on December 14, 1938, and which was duly disallowed by the respondent, appointed as such administrator on November 24, 1936.

This claim, according to the allegations made therein, "is based upon the stockholder liability of said Crawford Allen for a debt of the Woonsocket Company, a former Rhode Island corporation, incurred by said corporation at a time when said Crawford Allen was the sole stockholder of said Woonsocket Company", and was established against that corporation in favor of Charles B. Allen, father of the complainant, by the final decree of this court in a certain equity cause described in such claim, and the unpaid balance of such indebtedness was acquired by the complainant.

The respondent filed to the bill of complaint in this cause a demurrer, based on ten grounds. After a hearing thereon

before a justice of the superior court, a decision was filed in which, after discussing these grounds at considerable length, he sustained all of them, expressly or by clear implication.

Thereafter a final decree was entered, in which the demurrer was sustained and the bill of complaint was denied and dismissed. In due time the complainant filed an appeal from this decree and stated therein, as his reasons, that the decision on which the decree was based was erroneous and against the law; that the decree was against the law; and that it was against the law to enter the decree denying and dismissing the bill of complaint "without first giving complainant leave to file an amended bill of complaint if he saw fit." The cause is now before us on this appeal.

As it nowhere appears in the record before us that the complainant ever asked for leave to file an amended bill of complaint, and as his last reason of appeal was not relied upon in the brief filed, or the argument made, in his behalf in this court, we shall not discuss that reason of appeal.

In the bill of complaint it is stated, in substance and effect, that the above-mentioned Charles B. Allen, on June 23, 1880, as of November 15, 1879, obtained a judgment against the Woonsocket Company for $141,696.76 and costs, by a decree of this court in a certain cause in equity specified in the bill; that before service of an execution upon the property of that corporation could be completed, it made an assignment for the benefit of its creditors; and that on this indebtedness he received, from its assignee and from some source not definitely known, sums that reduced it to an amount which, on June 1, 1885, with interest adjusted to that date, was substantially $100,000.

It is also stated in the bill that by a decree of this court, entered June 5, 1888, the final account of such assignee was allowed, and he was directed to distribute among the hold-

ers of its mortgage bonds the cash assets remaining in his hands; and that, after such distribution had been made, no property of the Woonsocket Company· "was available to pay the balance of $100,000 then due said Charles B. Allen on his judgment debt against said Woonsocket Company as evidenced by an instrument in writing dated June 1, 1885, signed by the Allen's Print Works and delivered to said Charles B. Allen", and a copy of which is annexed as an exhibit to the bill of complaint.

This exhibit is a written acknowledgment by the Allen's Print Works that at the date of the instrument that corporation was indebted to Charles B. Allen in the sum of $100,000, to be paid to him not under five years from that date and subject to the prior payment of all other indebtedness existing at that date; and it therein agreed to pay him, in the meantime and under certain conditions, interest on such indebtedness to him at the rate of five per cent per annum. It is stated in the bill of complaint, on information and belief, that this instrument "represents the balance due as of the date of said instrument to Charles B. Allen on his judgment debt against said Woonsocket Company."

In the bill of complaint it is also stated, in substance and effect, that on January 1, 1898, for a consideration of one dollar, Charles B. Allen assigned and transferred to his wife, Mary W. Allen, this acknowledgment of indebtedness, "meaning and intending by said transfer to convey to his said wife all the rights he had as a judgment creditor of said Woonsocket Company for the unpaid balance of $100,000 of his said judgment debt represented and evidenced" by the above-described acknowledgment of indebtedness. There is also a statement, in similar language, of an assignment and transfer, by Mary W. Allen to the complainant, of this acknowledgment of indebtedness; and there is a statement that the complainant is now the sole owner of this judg-

ment debt of $100,000 and that no part of it has ever been paid.

What are stated in the bill to be copies of the acknowledgment of indebtedness and of the two transfers thereof are attached to the bill as an exhibit. They appear to be photostatic copies; and the copy of the first of these documents does not show any recital of a consideration therefor. This exhibit shows interest payments, as having been made on the acknowledgment, of $2500 the first of each December and June from December 1, 1885 to June 1, 1894, inclusive.

In the bill it is also stated that the Woonsocket Company was incorporated by and organized under a special act of the general assembly of this state, in which it was provided, in substance, that, in the absence of property of the corporation, by levy upon which a debt of such corporation could be collected, "the stockholders who were such at the time the contract was made or the debt created shall be liable in their own persons and estates, in the same manner as if the debt or contract had been made by them personally." And it is also stated that the above-described indebtedness "was created by said Woonsocket Company at a time when the respondent's testate, Crawford Allen, was the sole stockholder" of that corporation, the charter of which was forfeited, on October 15, 1919, for nonpayment of franchise taxes.

In the bill it is also stated that Crawford Allen died testate on April 22, 1872; that his will and codicil were admitted to probate by the probate court at Providence in this state on July 2, 1872; that an executor was duly appointed and qualified thereunder; and that "his final account as such executor showing no balance was allowed June 30, 1874 by said Probate Court."

But in the bill it is further stated that Crawford Allen, during his lifetime, set up a trust fund of $100,000 for the

benefit of his daughter Anne Crawford Allen Brown, by an agreement dated September 30, 1869, which provided, among other things, that in the event of her death, without issue surviving her, the principal of this trust fund should revert to him, his executors, administrators and assigns; that she died at Providence July 6, 1936, without issue; that thereafter this trust fund came into the possession of the respondent in this cause, as administrator as aforesaid, as assets of his estate; and that before this happened and after the liability of Crawford Allen to pay the debt of the Woonsocket Company became fixed, no estate of his existed against which the owner and holder of such debt could proceed to enforce such liability.

The fourth ground of the respondent's demurrer is as follows: "Even if Charles B. Allen had a claim against Woonsocket Company and against the estate of Crawford Allen by reason of the fact that Crawford Allen was a stockholder of said Woonsocket Company, it does not appear from said bill of complaint that the complainant has ever obtained title to such claim or the right to maintain any action thereon."

The eighth ground is as follows: "If said complainant or his predecessors ever had any claim against the Woonsocket Company said claim was completely satisfied and discharged by Charles B. Allen's acceptance of the acknowledgment of indebtedness of Allen's Print Works."

The ninth ground is as follows: "If complainant or his predecessors ever had any claim against said Crawford Allen or the representatives of his estate by virtue of the charter provision set forth in paragraph Sixteenth of said bill of complaint, said Crawford Allen or his representatives were obligated only as sureties and not as principals and were released by said Charles B. Allen's acceptance of the acknowledgment of indebtedness of Allen's Print Works without

reservation of rights against said Crawford Allen or his representatives."

These three grounds may well be considered together. According to his bill, the complainant's title to the alleged judgment indebtedness of the Woonsocket Company to his father, which the complainant is seeking in this suit to enforce against the estate of Crawford Allen, is traced solely through the above-stated assignment and transfer of January 1, 1898, by Charles B. Allen to his wife Mary W. Allen, of the above-described acknowledgment of indebtedness of June 1, 1885, and on the similar assignment and transfer, of June 3, 1910, by her to the complainant, of the same acknowledgment of indebtedness.

He states, as to each of these instruments of assignment and transfer, that the transferor made it "meaning and intending" thereby to convey to the transferee all the rights of Charles B. Allen to the balance of $100,000 of the judgment indebtedness of the Woonsocket Company to him, which indebtedness the complainant avers, on information and belief, was represented and evidenced by such acknowledgment of indebtedness.

We cannot conceive how an assignment and transfer, by Charles B. Allen to his wife, of the acknowledgment of indebtedness by Allen's Print Works to him could have carried with it to her the judgment indebtedness to him of the Woonsocket Company, or any right which he might then have had to collect such indebtedness from the estate of Crawford Allen, no matter with what meaning and intent that transfer was made.

It is nowhere in the bill of complaint stated, as a fact, that the indebtedness acknowledged by Allen's Print Works was originally the judgment debt of the Woonsocket Company to Charles B. Allen, the nearest approach to such statement being the description, in the bill of complaint, of such

judgment debt as "represented and evidenced" by such acknowledgment.

But even assuming that such was the fact, it seems clear to us that the only consideration from Charles B. Allen that could have sustained the acknowledgment and caused it to represent the original judgment debt of the Woonsocket Company to him—a debt which obviously was then not collectible out of any assets of that corporation—and to represent any right which he might then have had to enforce such debt against the estate of Crawford Allen, would have been the release by him of that corporation and that estate from such debt. If such was the consideration, both the debt of the Woonsocket Company and the liability of the estate of Crawford Allen for the payment of that debt, if such liability had continued to that time, would thereby have been discharged.

In other words, we are of the opinion that the only basis upon which it could be found, in accordance with the statements of fact in the present bill of complaint, that the judgment debt of the Woonsocket Company to Charles B. Allen was "represented and evidenced" by the acknowledgment of indebtedness by Allen's Print Works to him is one which would have released both the former corporation and the estate of Crawford Allen, as its sole stockholder, from any liability to Charles B. Allen for the payment of such indebtedness. We are also of the opinion that the only chain of title, upon which the complainant in his bill depends for his alleged right to enforce against that estate the alleged unpaid balance of the judgment debt of the Woonsocket Company to Charles B. Allen, has, as its first link, a transfer of the burden of such debt from that corporation and from that estate to Allen's Print Works, thus discharging both the former corporation and that estate from that burden.

It seems to us that this conclusion requires us to approve that part of the decision of the justice of the superior court in which he sustains the demurrer of the respondent on the ninth ground, although we do not find that, as alleged in that ground, "said Crawford Allen or his representatives were obligated only as sureties and not as principals", an allegation as to which there seems to be a conflict of authority and the correctness of which we need not now determine.

We are further of the opinion that the complainant has not set forth in his bill any satisfactory chain of title by which any right which his father had to collect such debt from the estate of Crawford Allen, assuming that he had any such right, passed to complainant. He alleges only a transfer by Charles B. Allen to the latter's wife and by her to the complainant of the Allen's Print Works' acknowledgment of indebtedness, "meaning and intending" by such transfer to convey all the right that Charles B. Allen had as a judgment creditor of the Woonsocket Company for the unpaid balance of his judgment debt "represented and evidenced" by that acknowledgment. He does not allege any transfer of any right which Charles B. Allen may have had against the estate of Crawford Allen.

It is true that in the twenty-fifth paragraph of his bill he alleges that he "is now the sole owner of the unpaid balance of said judgment debt of his father, Charles B. Allen, against said Woonsocket Company in the sum of $100,000." But, as the trial justice said in his decision, "that is a conclusion of law only and cannot take the place of essential facts properly stated in the bill from which one can reasonably draw such a conclusion."

We therefore are convinced that the trial justice was correct in sustaining the fourth, eighth and ninth grounds of demurrer to the bill of complaint and therefore in sustaining the demurrer; and that hence the complainant's only

remaining reasons of appeal, *viz.*, that the decree was erroneous and against the law and that it was against the law, cannot be sustained. We therefore see no good reason for discussing any of the other grounds of demurrer. Denying the appeal and affirming the decree will not deprive the superior court of the power which it has to permit the complainant to file an amended bill of complaint.

The complainant's appeal is denied and dismissed; the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Russell W. Richmond,* for complainant.

*Hinckley, Allen, Tillinghast & Wheeler, Arthur M. Allen, Edward L. Leahy, Chauncey E. Wheeler, Isadore Paisner,* for respondent.